John P. Guilfoil *vs.* City of Everett.

Middlesex.    March 12, 1913. — May 23, 1913.

Present: Rugg, C. J., Hammond, Loring, Sheldon, & De Courcy, JJ.

*Negligence,* Employer's liability.

Each one of several workmen digging a trench for a common employer has a right to assume, until he sees some indication to the contrary, that the employer has performed the duty which he owes to him of using due care to select competent fellow workmen, and such a workman is not lacking in due care if, by reason of his not making inquiry in regard to the eyesight of a certain fellow workman, which, as the employer knew or should have known, was dangerously defective, he neither knew nor appreciated the extent of this physical defect or of the corresponding danger, and by reason thereof was injured.

Tort for personal injuries, received while the plaintiff was at work for the defendant in a trench being dug for a sewer, and alleged to have been caused by his being struck by a pickaxe of another workman because of such workman's defective eyesight,

.of which the defendant knew or should have known. Writ dated November 15, 1909.

In the Superior Court the case was tried before *Morton, J.* The material facts are stated in the opinion. The jury found for the plaintiff in the sum of $1,500; and the defendant alleged exceptions.

*W. W. Stover,* for the defendant.

. *J. F. Casey,* for the plaintiff, was not called upon.

. HAMMOND, J. The allegations of the plaintiff in substance were that while at work for the defendant and, in the exercise of due care, shovelling dirt from a trench, he was struck by a pick then in the hands of one Flynn, a fellow employee working near the plaintiff in the trench, and was thereby hurt; that Flynn's eyesight was defective to such a degree as to make him dangerous to those working in the trench; that the accident was attributable solely to this defect; that the plaintiff neither knew nor appreciated the extent of the defect or of the corresponding danger, but that the defendant knew or ought to have known both the defect and the danger; and that in hiring Flynn as the fellow workman of the plaintiff the defendant failed in the duty which he owed to the plaintiff to use due care that the fellow workman should be fit and competent. There was evidence to support these allegations; and the case was submitted to the jury upon instructions to which no exception was taken except as hereinafter stated. The verdict was for the plaintiff.

At the conclusion of the charge the defendant requested the judge to modify the instructions given by further instructing them that "if the jury should find from all the evidence that the plaintiff in the exercise of proper diligence ought to have known that Flynn was so seriously defective in eyesight that it was dangerous to work in his immediate vicinity under the conditions under which he was working, then the plaintiff could not recover." The judge refused to rule as thus requested. The only question is whether the refusal was error.

If the request means simply that upon the issue of due care the plaintiff is to be held not only to what he knew but what he ought to have known, then it added nothing to what had been said. The judge already had instructed the jury as follows: "In other words, you have got to put yourself into the plaintiff's position

in the trench, do what he was doing with such knowledge as he had as to Flynn's presence, or ought to have had of his presence, and about the condition of his eyesight, and ask yourselves the question whether you, if you had been in the plaintiff's position and acting as prudent men, would have done any differently from what he did."

If, however, the request meant as it may seem to mean and as in his brief the counsel for the defendant argues that it did mean, that in a case like this there rested upon the plaintiff the same degree of care as upon the defendant, to investigate as to the fitness of Flynn; that in that respect they stood equally bound to each other, or "upon common ground," then it was rightly refused. The employer owes to each employee the duty to use due care to select competent fellow workmen. Every employee has the right to assume, until he sees some indication to the contrary, that the employer has performed that duty. *Beers* v. *Isaac Prouty Co.* 200 Mass. 19, 21. *Delaney* v. *Framingham Gas, Fuel & Power Co.* 202 Mass. 359, 364.

*Exceptions overruled.*